IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS KRUGER III on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Collective Action |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 1:19-cv-1402 |
| ARROW CONTAINER, LLC and JAMES LASARRE, | ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DAMAGES**

This is a proposed collective action brought on behalf of all former and current hourly employees of Defendants who earned incentive bonuses ("the Collective Class") against Defendants, Arrow Container, LLC ("Arrow") and James LaSarre.

### I. Parties

1. Each member of the Collective Class is or was an hourly employee of Arrow who earned incentive bonuses at all times relevant to this action.

2. Plaintiff, Mr. Kruger, is a resident of Indianapolis, Indiana.

3. Defendant, Arrow, is a limited liability company that operates a facility in Indianapolis, Indiana.

4. Mr. LaSarre is the owner of Arrow.

5. Mr. LaSarre is one of the managers of Arrow.

6. Mr. LaSarre is at least partially responsible for determining how the employees of Arrow were/are paid.

## II. Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

8. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III.     Class Action Allegations

9. Plaintiffs brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees of Arrow and were paid incentive bonuses ("the Collective Class").

10. The members of the Collective Class were paid on an hourly basis.

11. The members of the Collective Class were paid an incentive bonus.

12. The members of the Collective Class were paid on a weekly basis.

13. While the members of the Collective Class were paid overtime premiums for hours worked beyond 40 hours in a workweek, the members of the Collective Class were not paid overtime premiums based upon the correct "regular rate" pursuant to federal law. Rather, Defendants failed to include the incentive bonus into the weekly compensation of the members of the Collective Class to calculate the correct "regular rate" which is used to calculate the appropriate overtime premium for a given week.

14. Defendants willfully failed to pay members of the Collective Class the correct overtime premiums.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action. The names, contact information, and relevant documentation of members of the classes should be in the business records of Arrow. Notice may be provided to members of the classes or their personal representatives via first class mail and e-mail addresses using techniques and a form of notice similar to those customarily used in class actions.

### IV.    Factual Allegations

16. Mr. Kruger began employment with Arrow as an hourly employee on March 30, 2017.

17. Mr. Kruger was paid on an hourly basis at all times relevant to this lawsuit.

18. Mr. Kruger was paid $8.00 per hour.

19. Mr. Kruger earned incentive bonuses at all times relevant to this lawsuit.

20. Arrow paid Mr. Kruger on weekly basis.

21. Mr. Kruger was not paid overtime premiums based upon the correctly calculated "regular rate" which included the incentive bonus earned by Mr. Kriguer for a given workweek.

22. Defendants willfully failed to pay Mr. Kruger overtime premiums at the correct amount.

23. Mr. Kruger was terminated by Defendants on February 4, 2019.

### Count I - Collective Action
### Failure to Properly Pay Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

24. Plaintiffs incorporate paragraphs 1 through 23 by reference herein.

25. Plaintiffs and the members of the Collective Class are or were employees of Arrow pursuant to the FLSA.

26. Arrow is an employer pursuant to the FLSA.

27. Plaintiffs and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

28. Arrow had gross revenues of at least $500,000.00 for the 2015 calendar year.

29. Arrow had gross revenues of at least $500,000.00 for the 2016 calendar year.

30. Arrow had gross revenues of at least $500,000.00 for the 2017 calendar year.

31. Arrow had gross revenues of at least $500,000.00 for the 2018 calendar year.

32. Mr. LaSarre is an employer pursuant to the FLSA.

33. Plaintiffs and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiffs and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

      C.      Enter an order awarding Plaintiffs and the members of the Collective Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

      D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Proposed Classes & Collective Action Counsel

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: weldy@weldylegal.com