UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS KRUGER, III and JOSEPH GENRICH on Behalf of Themselves and All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1402-JRS-MJD |
| | ) | |
| ARROW CONTAINER, LLC, JAMES LASARRE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Conditional Certification
and Authorizing Notice of Collective Action Lawsuit**

Plaintiffs move for conditional certification of this proposed collective action for unpaid overtime compensation under section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (ECF No. 18.) Defendants oppose conditional certification. (ECF No. 29.)

Plaintiffs Thomas Kruger III and Joseph Genrich are both former employers of Defendant Arrow Container, LLC ("Arrow"). They allege that their overtime wages were incorrectly calculated during their employment because Arrow did not include their incentive or bonus pay in determining their "regular rate." The FLSA requires employers to pay employees at one and one-half times their regular rate for all hours worked in a week in excess of forty hours. 29 U.S.C. § 207(a)(1). "Regular rate" includes an employee's hourly rate of pay plus any bonuses not excluded under

1

29 C.F.R. §§ 778.211—778.214. *See* 29 C.F.R. § 778.208. Bonuses that must be incorporated into an employee's regular rate for overtime purposes are bonuses that are promised to employees upon hiring, bonuses given to induce more efficient work, and bonuses awarded for attendance, production, or quality of work. *See* 29 C.F.R. § 778.211(c). Both Plaintiffs submitted affidavits in which they allege that they, as well as all other Arrow hourly employees, were compensated in the form of an hourly rate and a production bonus or incentive pay. (Kruger Aff., ECF No. 18-1; Genrich Aff., ECF No 18-2; Genrich Second Aff., ECF No. 32-1.) Plaintiffs also allege that such production bonus or incentive pay was not included in any employee's regular rate for the purposes of overtime calculation. (Genrich 2d Aff. ¶ 10, ECF No. 32-1.)

Under the FLSA, a collective action against an employer may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA does not define "similarly situated," but courts have held that it requires plaintiffs to make a "modest factual showing" at the outset of the case that they and the other employees were victims of a common policy that violated the law. *Owens v. GLH Capital Enter., Inc.*, No. 3:16-cv-1109, 2017 WL 2985600, at *2 (S.D. Ill. July 13, 2017) (citations omitted); *see also Fravel v. Cty. of Lake*, No. 2:07-cv-253, 2008 WL 2704744, at *2 (N.D. Ind. July 7, 2008); *Boyd v. Jupiter Aluminum Corp.*, No. 2:05-cv-227, 2006 WL 1518987, at *3 (N.D. Ind. May 31, 2006); *Flores v. Lifeway Foods*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003). The "modest factual showing" is a lenient burden of proof and is often based only upon the pleadings and any affidavits submitted by the parties. *See*

*Fravel,* 2008 WL 2704744, at *2. At this conditional certification stage, courts accept as true the plaintiff's allegations and do not reach the merits of the FLSA claim. *See id.* (citing *Hardin v. Harshbarger,* 814 F. Supp. 703, 706 (N.D. Ill. 1998)). If conditional certification is granted, then, after discovery, the defendant may move for "decertification," where the court makes a factual determination of whether the plaintiffs are similarly situated based on a more complete record. *Id.,* at *3.

The Court finds that Plaintiffs have demonstrated a "modest factual showing" that they were subject to an illegal pay practice—having their incentive pay omitted in the calculation of their "regular rate"—common to members of the proposed class. Defendants argue that affidavits from two employees do not justify court-authorized notice to all of Arrow's hourly employees. But Plaintiffs do not need to present affidavits from every employee to receive conditional certification of the collective action. *See Allen v. Payday Loan Store of Indiana, Inc.,* No. 2:13-cv-262, 2013 WL 6237852, at *7 (N.D. Ind. Dec. 3, 2013) ("[T]o warrant a finding that similarly situated employees exist, a plaintiff's declaration must at least allege . . . that she has actual knowledge about other employees [sic] job duties, pay structures, hours worked, and whether they were paid for overtime hours. Such actual knowledge can be shown through first-hand observations or conversations with coworkers.) (internal citation omitted). Plaintiff Genrich stated, in his Second Affidavit, that based on his conversations with co-workers, he was "not aware of any hourly employee who was paid more than time and a half his hourly rate in overtime pay." (Genrich 2d Aff. ¶ 10,

ECF No. 32-1.) Such information satisfies Plaintiffs' minimal burden, at this initial stage, to warrant court-authorized notice.

Defendants also argue that Plaintiffs have failed to show that Arrow's pay practices are unlawful. But while Plaintiffs' claims may ultimately prove meritless, conditional certification does not address the merits of the underlying claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974), *cited in Hardin*, 814 F. Supp. at 706.

Lastly, Defendants contend that Plaintiffs' request for Arrow's employee contact information is "overbroad, duplicative and unnecessarily intrusive to the privacy of Arrow's employees." (Def.'s Br. at 11, ECF No. 29.) But the district courts in this circuit have routinely ordered employers to release the information Plaintiffs seek. *See, e.g.*, *Brashier v. Quincy Prop., LLC*, No. 3:17-cv-3022, 2018 WL 1934069, at *9 (C.D. Ill. Apr. 24, 2018); *Owens,* 2017 WL 2985600, at *5; *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 939 (N.D. Ill. Sept. 15, 2008); *Fravel*, 2008 WL 2704744, at *4. The Court finds that the due process right of Plaintiffs to discover this information outweighs the privacy rights of potential plaintiffs. *See Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008) (finding that the contact information of potential FLSA plaintiffs is distinguishable from "more intimate privacy interests such as compelled disclosure of medical records and personal histories") (quoting *Wiegele v. FedEx Ground Package System*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007)).

Accordingly, Plaintiffs' Motion for Conditional Certification and Notice of Collective Action Lawsuit (ECF No. 18) is **granted** and Plaintiffs may serve notice of the collective action on:

> All present and former hourly employees who were eligible to earn production bonuses employed by Arrow Container, LLC on or after April 5, 2016 to [the date the compensation policy ends], who were paid overtime without taking into account the weekly Production Bonus earned by the hourly employee.

Moreover, Defendants shall, within ten days, provide to Plaintiffs' counsel, via email, the names, addresses, telephone numbers, dates of employment, locations of employment, and dates of birth of all potential plaintiffs.

**SO ORDERED.**

Date: 12/2/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to all registered parties.