# SETTLEMENT AND RELEASE AGREEMENT

This *Settlement and Release Agreement* (the "Settlement Agreement" or "Settlement"), dated as of September 21, 2020 is entered into by and between Plaintiffs Thomas Kruger III, Joseph Genrich, and Conner Vickers ("Named Plaintiffs" or "Class Representatives") and the putative class ("Class Members," or the "Class") and Defendants Arrow Container, LLC and James LaSarre (collectively "Defendants"). The Named Plaintiffs, Class Members, and Defendants will collectively be referred to hereafter as the "Parties" or, as to each, a "Party."

## RECITALS

WHEREAS, on April 5, 2019, Plaintiff Kruger filed a complaint ("Complaint") in the Southern District of Indiana as Case No. 1:19-cv-1402-JRS-MJD ("Lawsuit") against Defendants asserting a collective action under the FLSA, seeking damages on behalf of himself and similarly situated former employees.

WHEREAS, on April 23, 2019, Plaintiffs Kruger and Genrich filed an amended complaint ("Amended Complaint") asserting a collective action under the FLSA, a class action under the Indiana Wage Payment Statute, as well as individual claims under the Indiana Wage Payment Statute.

WHEREAS, on May 14, 2019, Plaintiffs Kruger and Genrich filed a Motion for Conditional Certification and Notice of Collective Action Lawsuit, which was granted on December 2, 2019, and the collective action was decertified on March 16, 2020.

WHEREAS, on March 13, 2020, Plaintiffs Kruger, Genrich, and Vickers filed a second amended complaint ("Second Amended Complaint") asserting (1) individual claims for failure to pay Kruger, Genrich, and Vickers overtime wages under the FLSA; (2) a class action under the Indiana Wage Payment Statute for failure to properly pay performance incentives; (3) individual claims under the Indiana Wage Payment Statute for failure to pay Genrich cross-training bonuses and overtime wages; and (4) individual claims under the Indiana Wage Claims Statute for failure to pay Kruger and Vickers overtime wages and performance incentives.

WHEREAS, in their Answer to the Complaint, Amended Complaint, and Second Amended Complaint, Defendants denied all allegations regarding their alleged violations of the FLSA, Indiana Wage Payment Statute, and Indiana Wage Claims Statute. Additionally, Defendants asserted a number of affirmative defenses, which, if proved at trial, may reduce or eliminate their liability to the Named Plaintiffs and the Class Members.

WHEREAS, the parties have engaged in substantial discovery, have analyzed the application of the FLSA, Indiana Wage Payment Statute, and Indiana Wage Claims Statute to the facts in the instant case, exchanged substantial documentation and information, and participated in arms' length, good faith settlement negotiations. The parties have determined that the outcome of the claims is uncertain.

WHEREAS, Defendants deny liability, and enter into settlement solely to avoid the substantial costs, inconvenience, and burden associated with litigating this matter and possibly preparing this case for trial, and its desire to focus time and efforts pursuing productive endeavors, rather than litigating what Defendants believe are meritless allegations in the Second Amended Complaint.

WHEREAS, the Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, on the terms and conditions set forth herein.

## **SETTLEMENT**

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**1. Class Certification.** The Parties consent that a Settlement Class shall be certified in connection with the Indiana Wage Payment Statute and the settlement motion to approve the Settlement Agreement comprised of the Plaintiff and all other similarly situated former employees, pursuant to 29 U.S.C. §2104(a)(5) and Fed. R. Civ. P. 23(a). The Settlement Class is defined as: any current or former hourly employees whose pay was deducted due to attendance violations on or after April 5, 2017 to July 1, 2020, and who do not timely file a request to opt out of the Class ("the Class"); provided, however, that such class shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The underpaid incentive bonus class claim is waived with prejudice. The Parties consent to the appointment of the Named Plaintiffs as the Class Representatives and Named Plaintiffs' counsel as Class Counsel. The Class Members, including the Class Representatives, are listed on Exhibit 1 to the Settlement Agreement.

**2. The Settlement Amount.** In full and final settlement of the Parties' disputes, Defendants shall:

**(a)** By December 15, 2020, or 14 days after settlement approval, whichever is later, pay Kruger, $14,252.31 for his claim of unpaid overtime and $224.76 for his claim of late overtime. This will be paid as follows: (i) a gross wage check of $4,750.77 minus normal withholdings for which Defendants will issue Kruger a W-2 and (ii) a check for $9,726.30 made out to the Ronald E. Weldy & Associates IOLTA Account for which Defendants will issue a 1099;

(b) By December 15, 2020, or 14 days after settlement approval, whichever is later, pay Genrich, $887.23 for his claim of unpaid overtime. This will be paid as follows: (i) a gross wage check of $295.74 minus normal withholdings for which Defendants will issue Genrich a W-2 and (ii) a check for $591.49 made out to Genrich for which Defendants will issue a 1099;

(c) By December 15, 2020, or 14 days after settlement approval, whichever is later, pay Vickers, $700.00 for his claim of unpaid overtime. This will be paid as follows: (i) a gross wage check of $250.00 minus normal withholdings for which Defendants will issue Vickers a W-2 and (ii) a check for $450.00 made out to Vickers for which Defendants will issue a 1099;

(d) By December 15, 2020, or 14 days after settlement approval, whichever is later, pay plaintiff's counsel, $18,000.00 for statutory attorney fees and costs;

(e) Within 10 business days of conditional approval of class settlement, pay Class Counsel $3,000 for class administration fees;

(f) By December 4, 2020, Defendants shall identify the Class Members which Defendants will pay their class settlement monies directly by March 30, 2021 and provide this list to Class Counsel. By December 7, 2020, Class Counsel will provide the amounts to be paid to each Class Members including the named Plaintiffs out of the Common Fund.

By December 15, 2020, or 14 days after the settlement approval, whichever is later, have paid Named Plaintiff's counsel a total $71,629.80 for the settlement of the class action claims ("Class Settlement Amount") to be distributed on a pro rata basis to the Settlement Class, except the monies to be paid to the current employees identified by Defendant by December 4, 2020. Defendants will make payments to its current employees either upon separation or employment or March 30, 2020, whichever is earlier. Any unclaimed portion of the Class Settlement Amount shall be returned to Arrow Container for its sole benefit.

**3. Settlement Filing**. The Parties shall file a joint motion in the Case under the Fair Labor and Standards Act ("FLSA") and Fed. R. Civ. P. 23 for approval of the Settlement through a bi-furcated hearing process (the "Settlement Motion"). The Settlement Motion shall seek entry of an order certifying a class for settlement purposes, preliminarily approving the Settlement, and approving the form and manner of notice to the Class Members of the Settlement, including, among other things, the right to object to the Settlement. The Parties shall also request a date for a fairness hearing (the "Fairness Hearing"). At the Fairness Hearing, the Court shall consider final approval of the Settlement. This Settlement Agreement is subject to, and conditioned upon, issuance of a final order by the District Court approving the Settlement Agreement under the FLSA and Fed. R. Civ. P. 23(e), after notice and hearing to the parties in interest, in accordance with applicable law and local rules. The order shall be deemed final if no objections have been raised by the Fairness Hearing or after either thirty-five (35) days have elapsed from entry of the District Court's order approving the Settlement Agreement and no notice of appeal has been filed or after the District Court's order approving the Settlement Agreement is finally affirmed on appeal, whichever occurs first (hereinafter "Final Order"). Upon the execution of this Settlement Agreement by the Parties and the entry of the Final Order approving the Settlement Agreement, this Settlement Agreement shall be final and binding. In the event that a Final Order approving this Settlement Agreement in the form acceptable to the Parties is not entered: (i) the Settlement Agreement and the recitals contained herein shall be without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (ii) neither the motions to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of the motions shall be admissible in any proceeding involving the Parties; and (iii) the Parties will use their best efforts to negotiate a mutually-acceptable amendment to the Settlement Agreement, but no Party shall be obligated or bound to agree to such an amendment; and (iv) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

**4.    Responsibilities of Class Administrator**.

a)    Class Notices.  Class Counsel shall act as Class Administrator.  Class Administrator shall bear the responsibility for the production and mailing of all notices to be required for the Class Members (the "Class Notice").  Class Counsel's address will be used as the return address for the Class Notice mailed to the Class Members.

b)    Contents of Class Notice.  The Class Notice will be delivered by first class mail to Class Members at the addresses listed on Exhibit 1 no later than seven (7) days after preliminary approval of this Settlement by the District Court. The Class Notice shall contain the following information:

- (i)    That each Class Member has the right to opt out of the Class and preserve all of her/his rights against Defendants, if any (all such opting out Class Members, the "Opt-Outs");

- (ii)   That the Settlement Agreement shall become effective only if it is finally approved by the Court and no objections are raised or all appeals resolved;

- (iii)  That the Settlement Agreement shall be effective as to all Class Members who do not opt-out of the Class; however, if the Court does not approve the Settlement Agreement, the Settlement Agreement shall not become effective;

- (iv)   That each such Class Member has the right to object to this Settlement Agreement, to retain counsel and be heard at the Fairness Hearing;

- (v)    That all released Claims (as that term is defined in paragraph 12 herein) of a Class Member shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

**Issuing 1099s** – The parties agree that the wages deducted were taxed when paid and deducted.  Thus, the class monies are not wages requiring withholdings, but monies subject to being reported via 1099.  For all class members paid by Class Administrator, Class Administrator shall issue that class member a 1099.  For all class members paid by Defendants, then Defendants shall issue that class member a 1099.

**Class Settlement Amounts** – Class Counsel will determine the pro-rated amount each class member will receive and provide these amounts to Defendants after being notified as to whom Defendants will be paying directly following the December 1, 2020 deadline to make this determination.

4

5. **Opt-Outs**. Any Class Member may opt-out of the Class by mailing to Class Counsel a completed and executed Opt-Out Notice Form so that it is received by Class Counsel no later than ten (10) days prior to the date fixed by the Court for the Final Fairness Hearing. Upon the receipt of such timely notice by Class Counsel, such Class Member shall be classified as an Opt-Out. Within three (3) days of the expiration of the last day to opt-out, Class Counsel shall prepare and file with the Court an Affidavit of Opt-Outs, identifying those Class Members who timely exercised their right, without revoking, to opt-out of the Class. If a Class Member does not wish to be bound by this Settlement Agreement, such Class Member must timely opt-out of the Class by returning a completed and executed Opt-Out Notice Form as described in the paragraph above. Otherwise, if and when the Settlement Agreement becomes effective, all Class Members who have not opted out shall be bound by the terms of this Settlement Agreement. Notwithstanding anything to the contrary in this Settlement Agreement, nothing contained herein shall release or impair the rights and claims, if any, of the Opt-Outs, nor shall anything contained herein affect the defenses and offsets that Defendants and its subsidiaries, successors or any of its present or former officers, directors, employees, lawyers, consultants, stockholders or members of any thereof, may have against any such rights or claims. If any Class Member timely and properly elects to opt-out of the proposed Class, that Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Class Member will have the same rights and obligations as he or she would have had if the Complaint had never been filed and this Settlement Agreement had never been executed. Any Class Member that elects to opt-out shall retain his or her rights, if any. Defendants reserve all rights against any Class Member who opts-out.

6. **Excessive Opt-Out Rate Can Terminate the Settlement Agreement.** Defendants shall have the sole and absolute discretion to terminate and void this Settlement Agreement if the total number of Class Members who timely and properly "Opt-Out" of the class as described in paragraph 6 or do not receive Class Notice, combined, equals thirty percent (30%) or more of the total number of Class Members. At their own expense, Defendants shall provide such Notice of Termination within ten (10) days of the expiration of the last day to opt-out. Such Notice of Termination shall be in writing and delivered by email and overnight mail to Class Counsel, who in turn, will provide notice in writing by First Class United States mail to each Class Member. In the event Defendants elect to so terminate this Settlement Agreement, Defendants shall not be responsible for paying any of Plaintiff's attorneys' fees and costs. In the event Defendants elect to terminate this Settlement Agreement, such withdrawal shall have the same effect as would non-approval by the Court and the Settlement Agreement would have no force or effect.

7. **Objections to Settlement Procedures.** A Class Member may object to this Settlement Agreement by sending timely written notice of such objection (a "Notice of Objection") to (a) Class Counsel, to Ronald Weldy, Weldy Law, 8383 Craig Street, Suite 330, Indianapolis, IN 46250; (b) Defendants' Counsel, Anthony Overholt and Erin Escoffery of the law firm of Frost Brown Todd LLC, 201 North Illinois Street, Suite 1900, Indianapolis, Indiana 46204, and (c) filing such Notice of Objection with the Court so that it is received by all of the above at least ten (10) days prior to the date fixed by the Court for the Final Fairness Hearing. Such objection shall clearly specify the relief sought and the grounds for such relief.

**8. The Waiver and Release of any Released Claims by All Class Members if the Settlement Becomes Final.**

a) <u>Released Claims of Class Members</u>. Upon the execution of this Settlement Agreement by the Parties and the entry of the Final Order approving the Settlement Agreement, except for the rights arising out of, provided for, or reserved in this Settlement Agreement, the Settlement Class Members (except for any Class Members who have opted out of this Settlement Agreement), for and on behalf of , and their respective successors and assigns (collectively, the *"Releasing Parties"),* do hereby fully and forever release and discharge the Defendants, their current and former parents and subsidiaries, and their respective officers, directors, shareholders, employees, insurers, partners, members, accountants, and attorneys, and all of their respective predecessors and successors (collectively, the "<u>Released Parties</u>"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which relate to or are based on the Indiana Wage Payment Statute. The claims released hereunder are referred to herein as the "Class Claims". The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.

b) <u>Released Claims of Named Plaintiffs</u>. Named Plaintiffs, for themselves, and their personal representatives, heirs and assigns, hereby release and forever discharge Released Parties from any claims they may have for damages or loss, equitable relief, attorneys' fees, interest, expenses, or costs of any kind, which have been or could have been asserted by them or on their behalf against Defendants arising out of or relating in any way to their employment or separation from employment from Arrow Container, LLC, including but not limited to any charges, claims, actions, or rights under COBRA, 29 U.S.C. § 1161, <u>et</u> <u>seq</u>., the National Labor Relations Act, 29 U.S.C. § 151, <u>et seq</u>., Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq</u>., the Fair Labor Standards Act, including the Equal Pay Act, 29 U.S.C. § 201, <u>et</u> <u>seq</u>., the Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq</u>., the Americans with Disabilities Amendment Act, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, <u>et seq</u>., Federal Age Discrimination in Employment Act of 1967 and the Older Worker Benefit Protection Act, as amended (29 U.S.C. §§ 621 <u>et seq</u>.), the Sarbanes-Oxley Act of 2002, the Genetic Information Nondiscrimination Act of 2008, the Indiana Civil Rights Law, I.C. § 22-9-1, <u>et</u> <u>seq</u>., Indiana's wage-related statutes, including I.C. §§ 22-2-2 through 22-2-9, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, <u>et seq</u>. (except for vested retirement plan benefits), the Rehabilitation Act of 1973, 29 U.S.C. § 706, <u>et</u> <u>seq</u>., and any other federal, state, or local entity's law, rule, ordinance, or regulation relating in any way to employment or employment-related benefits, any representations or commitments made by Defendants regarding future employment, remuneration, promotion, discipline, separation from employment, or benefits payable by Defendants to the Named Plaintiffs, as well as all claims under State contract or tort law, including but not limited to claims for loss of consortium, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, and defamation, including all claims, of whatever nature, that are based on events or occurrences which occurred on or before the date of this Settlement Agreement (collectively, the "Individual Claims"). As part and parcel

of Named Plaintiffs' release of the Individual Claims, Named Plaintiffs agree to take any and all steps in furtherance hereof, including, but not limited to agreeing not to take any action to seek recovery or redress for any of the Individual Claims.

   c)  Approval of this Settlement Agreement by the Court shall operate as a full release of the Released Parties by the Releasing Parties, including the Class Representative and each Class Member, of all Class Claims as set forth above. Upon the execution of this Settlement Agreement by the Parties and the entry of the Final Order approving the Settlement Agreement, all Claims as set forth in paragraphs above are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

   d)  If the Settlement Agreement does not become fully enforceable by the Parties, then the provisions of this Settlement Agreement shall be null and void and the Defendants, or any other party-in-interest shall be free to object to and/or defend against the claims asserted in Lawsuit or any other claims asserted by the Class Members and this Settlement Agreement shall not be admissible in any Court or Arbitration. Execution of this Settlement Agreement by the Defendants does not waive any defense or objection to any claims asserted or that may be asserted by the Class Members.

   e)  Named Plaintiffs further agree that they have been instructed in writing by Released Parties that they may and should consult an attorney of their choice regarding the terms of this Settlement Agreement, and that they have been given up to twenty-one (21) days to consider the terms of this Settlement Agreement, and whether to sign this Settlement Agreement, although Named Plaintiffs may choose to execute this Settlement Agreement prior to the expiration of the twenty-one (21) day period. Named Plaintiffs further agrees that they have been instructed by Released Parties that, following his execution of this Settlement Agreement, Named Plaintiffs shall have up to seven (7) days to withdraw, rescind or revoke this Agreement, by providing written notice to Anthony Overholt of the law firm of Frost Brown Todd LLC, 201 North Illinois Street, Suite 1900, Indianapolis, Indiana 46204, **but that, in the event Named Plaintiffs exercise their right to withdraw or rescind the agreement, all terms and conditions of the Settlement Agreement, including the Defendants' duty to provide the consideration provided, shall become void and of no effect**

  **9.**  **Dismissal**. The parties will request that the Court dismiss this matter with prejudice upon the entry of the Final Order approving the Settlement Agreement. The parties will request that this Court retain jurisdiction to enforce the terms and conditions of this Settlement Agreement.

  **10.**  **Further Assurances**. The Parties shall cooperate to cause a joint motion under to be filed with the Court for an order approving this Settlement Agreement ("Settlement Motion"). The Parties will cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that will be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

  **11.**  **No Admission of Liability**. This Settlement Agreement is intended to settle and dispose of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to any other Party. Neither this Settlement Agreement nor any of its provisions, nor evidence of any negotiations or proceedings related to this Settlement Agreement, shall be offered or received in evidence in the Lawsuit, or any other action or proceeding, as an admission or concession of liability or wrongdoing of any nature on the part of

any of the Released Parties, or anyone acting on their behalf, and the Defendants specifically deny any such liability or wrongdoing. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Final Order approving the Settlement Agreement by the Court for the purpose of enforcing the terms of the Settlement Agreement.

**12. Representations and Warranties**.  Each Party represents and warrants that upon Court approval of this Settlement, it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated herein.

**13. Binding Nature of Settlement**.  This Settlement Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

**14. No Third-Party Beneficiaries.**  This Settlement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any non-party, other than Class Members in relation to the provisions of this Settlement.  This Settlement shall not inure to the benefit of any third party purchasers who purport to obtain the Named Plaintiff's and Class Members' claims through assignment, transfer or otherwise.  Class Counsel and the Defendants shall be under no obligation to distribute settlement payments to other than the Named Plaintiff and Class Members themselves, or their representatives, heirs, executors, administrators, personal representatives, legal representatives, agents, and attorneys.

**15. Knowing and Voluntary Settlement Agreement**.  Named Plaintiffs agree and acknowledge that they have been represented by counsel throughout the Lawsuit, that they have carefully reviewed, studied and thought over the terms of this Settlement Agreement, and that all questions concerning this Settlement Agreement have been answered to their satisfaction.  Named Plaintiffs further acknowledge and agree that they knowingly and voluntarily entered into and signed this Settlement Agreement after deliberate consideration and review of all of its terms and provisions, that they were not coerced, pressured or forced in any way by the Defendants or anyone else to accept the terms of this Settlement Agreement, and that the decision to accept the terms of this Settlement Agreement was entirely their own.

**16. Miscellaneous:**

(a) Governing Law. This Settlement Agreement shall be construed pursuant to the laws of the State of Indiana and the Federal Rules of Civil Procedure.

(b) Integration.  This Settlement Agreement and the Exhibits hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersede all previous agreements and discussions between the Parties as to the matters herein addressed. This Settlement Agreement can be amended or modified only in writing and signed by all the Parties hereto, subject to any necessary Court or other approval.

(c) Counterparts.  This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one

agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

   (d) <u>Interpretation</u>.  This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

   (e) <u>Continuing Jurisdiction</u>.  This Settlement Agreement is subject to and contingent upon the approval by the Court. The Court shall have exclusive jurisdiction to determine any dispute or controversy with respect to the interpretation or enforcement of this Settlement Agreement.

   (f) <u>Amendments and Waivers</u>. The Parties may not waive any provision of this Settlement Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Settlement Agreement will not constitute a waiver of any other provision. The Parties may modify or amend this Settlement Agreement only by a written agreement that all of the Parties have signed.

Exhibit 1: Class Members

William Bray
Terrell Bullock
Kevin Chaparro
Tyler Clem
Johnny Cobb II
Yves Constant
Aaron Drigss
Will Emery
Antonio Franco Sanchez
Miguel Garcia, Jr.
Paulino Garfias
Joseph Genrich
Trent Gonzalez
Joenier Guzman
Jamie Hernandez
Victor Hidalgo
Juanito Islas
John Kirkwood
Jeremiah Kratzer
Thomas Kruger
Alberto LaSanta
Michael Ledbetter
Joel Martinez
Enrique Meraz
Jason Morales
Alfredo Noble
Juan Ramirez Carlin
Joriel Reyes
Clayton Ridenour
Mariano Rodriguez
Justin Roehling
Roger Rowland
Angel Sanchez-Ortiz
Reginald Smith
Reggie Thomas
Johnny Valcourt
Darious Vaughn
Conner Vickers
Paris Voss
Eric Wickey

[Remainder of page intentionally blank.  Signatures on next page]

[Remainder of page intentionally blank. Signatures on next page]

Thomas Kruger III

_____

Date: 09-03-20

Joseph Genrich

_____

Date: 09-03-20

Conner Vickers

_____

Date: 9-3-20

Arrow Container, LLC

By: _____

Title: VP of Operations & Finance

Date: 9/21/20

James LaSarre

_____

Date: 9/21/20

0124763.0728991  4813-7436-9225v1
9/2/2020

11